## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**JAY E. CLEGG,**
**Claimant Below, Petitioner**

**FILED**

November 6, 2020
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 19-0379** (BOR Appeal No. 2052642)
               (Claim No. 2009082115)

**OHIO POWER COMPANY,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Jay E. Clegg, by Counsel J. Robert Weaver, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Ohio Power Company, by Counsel Henry C. Bowen and James W. Heslep, filed a timely response.

The issue in this case is whether Mr. Clegg is entitled to an additional permanent partial disability award in his carpal tunnel syndrome claim. The claims administrator granted Mr. Clegg a 2% permanent partial disability award on January 30, 2017. On February 16, 2018, the Workers' Compensation Office of Judges ("Office of Judges") reversed the claims administrator's decision and awarded Mr. Clegg an additional 3% award. This appeal arises from the Board of Review's Final Order dated March 22, 2019, in which the Board affirmed the February 16, 2018, Order of the Office of Judges.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Clegg filed a claim for bilateral carpal tunnel syndrome and bilateral ulnar nerve lesion as the result of many years of repetitive motion work for Ohio Power Company. The report of occupational injury was signed by L. W. deGarmeaux, D.C., his treating physician, who indicated that Mr. Clegg had developed an occupational disease. During litigation of the claim, Mr. Clegg received multiple permanent partial disability awards. Initially, Mr. Clegg was awarded a 5% permanent partial disability award based upon a decision by the Office of Judges on July 29, 2011. The Office of Judges awarded Mr. Clegg a 5% award based upon a December 3, 2010, report by

1

ChuanFang Jin, M.D. The 5% award was protested and eventually affirmed by the West Virginia Supreme Court of Appeals.[1]

On June 15, 2016, Mr. Clegg requested reopening his claim for additional permanent partial disability. By Order of July 19, 2016, his request was acknowledged, and he was referred to Dr. Jin for a second evaluation. Dr. Jin examined Mr. Clegg on August 30, 2016, for bilateral ulnar neuropathy and to assess Mr. Clegg's post-surgery status. Dr. Jin found that Mr. Clegg had reached his maximum degree of medical improvement and, using the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993), found that Mr. Clegg had 1% whole person impairment in each hand The impairments combined for 2% whole person impairment related to ulnar neuropathy that was surgically decompressed.

Based upon the findings of Dr. Jin, the claims administrator granted Mr. Clegg a 2% permanent partial disability award on January 30, 2017. Mr. Clegg protested the claims administrator's award. In support of his protest, Mr. Clegg submitted the May 4, 2017, report of Bruce A. Guberman, M.D. Dr. Guberman reviewed records, obtained history and examined Mr. Clegg. It was determined that he had reached his maximum medical improvement. Combining all upper extremity impairments, Dr. Guberman found 26% whole person impairment.

Mr. Clegg was examined by Prasadarao Mukkamala, M.D., for an independent medical evaluation on December 13, 2017. Dr. Mukkamala determined that Mr. Clegg had reached his maximum degree of medical improvement, and he was not in need of any further treatment. Dr. Mukkamala determined that impairment was about the same for the right and left upper extremities. He found 3% whole person impairment for carpal tunnel syndrome/median nerve neuropathy and 1% whole person impairment for ulnar nerve dysfunction. Combining the impairments, Dr. Mukkamala found 4% impairment for each upper extremity for a combined total of 8% whole person impairment.

The Office of Judges reversed the claims administrator's decision of January 30, 2017, and granted Mr. Clegg an additional 3% whole person impairment for his injury dated August 28, 2008. On appeal, Mr. Clegg argued that he is entitled to an additional 11% award because the evaluation of Dr. Guberman is the most extensive evaluation of his upper extremities. The Office of Judges found Dr. Guberman's impairment rating of 26% to be excessive and clearly the outlying report in the record. It was noted that Dr. Mukkamala found 8% impairment, including 2% for nerve dysfunction. Because Mr. Clegg had previously been granted 5% for the non-thumb portion of his claim, the Office of Judges determined that he was entitled to an additional 3% award based upon Dr. Mukkamala's assessment. By Order dated March 22, 2019, the Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed the decision.

---

[1] *See Clegg v. Ohio Power Company*, No. 12-0218, 2013 WL 5989191 (W. Va. Nov.7, 2013) (memorandum decision) (affirmed the granting of a 5% permanent partial disability award based upon Dr. Jin's report).

After review, this Court agrees with the Board of Review. The Office of Judges determined that Mr. Clegg was entitled to an additional 3% award based upon the independent medical evaluation report of Dr. Mukkamala. The medical evidence establishes that it is more likely than not that Mr. Clegg has 3% additional whole person impairment for his carpal tunnel and ulnar nerve dysfunction.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the Board of Review's findings, reasoning and conclusions, there is insufficient support to sustain the decision. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: November 6, 2020**

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison